UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAKHMAN SUSURKAEV,
Petitioner,

v.

ATTORNEY GENERAL U.S TODD BLANCHE, et al.,
Respondents.

C.A. No. 26-cv-250-MRD-AEM

**ORDER**

Before the Court is Petitioner Rakhman Susurkaev's Motion for Reconsideration. ECF No. 12. On April 24, 2026, Petitioner, a native and citizen of Russia, filed a Petition for Writ of Habeas Corpus. ECF No. 1. Therein, Petitioner argued that his arrest and continued detention by immigration officials was unlawful and that he was entitled to a bond hearing. *Id.* In response, the Government asserted that Petitioner was properly detained as an inadmissible alien under 8 U.S.C. § 1226(c). ECF No. 6. More specifically, the Respondents cited Section 1226(c)(1)(D) and 8 U.S.C. § 1182(a)(3)(B), which provide that an alien is inadmissible if the Government "has reasonable ground to believe [that he] is engaged in or is likely to engage after entry in any terrorist activity." ECF No. 6 at 1. After a hearing, and in receipt of both parties' papers, this Court concluded that whether Petitioner is properly detained under Section 1226(c) must be decided by an Immigration Judge ("IJ"). Text Order, May 8, 2026. Respondents were therefore ordered to schedule a

hearing in Immigration Court to decide this issue while the Petition for Writ of Habeas Corpus remained pending. *Id.*

On May 27, 2026, as directed by this Court, Respondents filed a Status Report informing the Court that Petitioner was afforded a bond hearing before an IJ. ECF No. 10. The IJ denied bond, finding Petitioner to be, both, a danger to the community by clear and convincing evidence and a flight risk by a preponderance of the evidence. *Id.*; *see also* ECF No. 10-1; ECF No. 12-3. Accordingly, this Court denied the Petition on June 3, 2026, finding that Petitioner had received the relief he was seeking from Respondents as he was afforded a bond hearing. Text Order, June 3, 2026. The next day, Petitioner filed the instant Motion for Reconsideration seeking review of the IJ's analysis of the evidence submitted to the Immigration Court. ECF No. 12 at 11. According to Petitioner, "[t]he evidence on which the Immigration Judge relied to determine that Mr. Susurkaev posed a danger to the community and was a flight risk was insufficient as a matter of law." *Id.* In response, Respondents assert that this Court "lacks jurisdiction under 8 U.S.C. § 1226(e) to review the Immigration Court's order denying bond." ECF No. 13 at 3. For the following reasons, this Court agrees that Section 1226(e) dooms Petitioner's motion.

Section 1226(e) is clear: "discretionary judgment[s] regarding the application of [Section 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." While Section 1226(e) does not strip this Court's jurisdiction over constitutional challenges or "challenges to the

statutory framework that permits [the undocumented immigrant's] detention without bail," such challenges are limited. *Jennings v. Rodriguez*, 583 U.S. 281, 295-96 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 517 (2003)). The challenge Petitioner raises in the pending motion is not the type of limited challenge contemplated in *Jennings v. Rodriguez*, but rather a challenge to the IJ's discretionary bond decision. Section 1226(e) precludes review of such a discretionary bond decision so long as the IJ followed proper procedures during the hearing that accord with due process. *Id.*

In his initial Petition for Writ of Habeas Corpus, Petitioner asked this Court to order a bond hearing. ECF No. 1. Regardless of whether he agrees with the outcome, the bond hearing was held on May 26, 2026 and nothing suggests that the hearing process itself offended the traditional understanding of due process. The parties' submissions support that the IJ applied the correct standard, cited several pieces of evidence, and came to a reasoned conclusion that the Respondents met its burden of showing Petitioner was both a danger to the community and a flight risk.[1] Thus, this Court cannot conclude that the Respondents failed to comply with its previous judgment.

---

[1] Specifically, the IJ cited "a letter from the FBI's International Terrorism Section (within the Counterterrorism Division of the FBI's National Security Branch) to ICE concerning the Petitioner," ECF No. 13 at 9; ECF No. 12-3 at 4, 10; the fact that Petitioner had been in the United States for less than four years; lack of family ties here, "no significant ties to the community," and his denied asylum application, among other things, ECF No. 12-3 at 3-10.

Beyond Section 1226(e), this Court also notes that Petitioner has failed to seek any review from the Board of Immigration Appeals ("BIA"). The Court disagrees with Petitioner's position that such review would be futile. The BIA has the jurisdiction to determine whether Respondents met their burden with the evidence they presented at the hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021) (citing 8 C.F.R. § 236.1(d)(3)). Addressing a similar exhaustion argument, a district judge in Massachusetts has explained that whether an "IJ's cursory finding that [the petitioner] presents a flight risk [is] based on insufficient (or insufficiently articulated) evidence . . . is precisely the type of alleged error committed to review by the BIA . . . ." *Dos Reis v. Vitello, C.A.* No. 25-10497-RGS, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025). Here, too, Petitioner asks this Court to "step into the shoes of the BIA and reverse the IJ's bail determination." *Id.* Aligned with the decision in *Dos Reis v. Vitello*, this Court will decline to do so. *Id.* This Court concludes that the appropriate venue for Petitioner's arguments, at this point, is the BIA.

This all considered, Petitioner's Motion for Reconsideration, ECF No. 12, is **DENIED**.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

06/24/2026